IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMARCUS MONTLANZE WRIGHT, #00740396, PETITIONER, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:21-CV-1717-L-BK |
| DIRECTOR, TDCJ-CID, RESPONDENT. | § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order.

On July 23, 2020, the Court received correspondence from Petitioner that appeared to challenge a prison disciplinary proceeding. Doc. 3. In an abundance of caution, the letter was docketed as a complaint in the instant case. Doc. 3. On July 27, 2021, the Court issued a deficiency order, advising Petitioner that, insofar as he sought to file a federal habeas corpus petition under 28 U.S.C. § 2254, he was required to file it on the appropriate form (provided with the order), along with a motion for leave to proceed *in forma pauperis* or the $5.00 filing fee. Doc. 4. *See* also N.D. Tex. L.R. 5.4 and Misc. Ord. 13 (requiring inmates to file petitions for writ of habeas corpus on the court-approved form); Rule 2(d) of the Rules Governing 2254 Cases. The deadline for Petitioner's response was August 25, 2021. As of the date of this

recommendation, however, Petitioner has not responded to the Court's order, nor has he sought an extension of time to do so.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has been given ample opportunity to respond to the Court's deficiency order. He has impliedly refused or declined to do so. Therefore, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order and for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

**SO RECOMMENDED** on October 19, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner is cautioned that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this and any other habeas petition he may file in this Court.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).